UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN L. SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-301-MJR-SCW |
| | ) |
| CITY OF CARBONDALE, CARBONDALE POLICE OFFICER BLAKE HARSY, JAMES KERLEY, JAMES McMINN, and MEMORIAL HOSPITAL OF CARBONDALE, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, ALAN L. SHIELDS, by and through one of his attorneys, Jared S. Kosoglad, and complaining of the defendants, CITY OF CARBONDALE, CARBONDALE POLICE OFFICER BLAKE HARSY, JAMES KERLEY, JAMES McMINN, and MEMORIAL HOSPITAL OF CARBONDALE, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against the defendants for commiting acts under color of law, and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF ALAN SHIELDS ("PLAINTIFF") is a citizen of the United States who currently resides in Chicago, Cook County, Illinois.

4. DEFENDANTS OFFICER BLAKE HARSY was, at the time of this occurrence, a duly licensed Carbondale Police Officers. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. DEFENDANT CITY OF CARBONDALE ("CITY") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

6. DEFENDANTS JAMES KERLEY and JAMES McMINN were, at the time of this occurrence, employees and duly authorized agents of Memorial Hospital of Carbondale. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

7. DEFENDANT MEMORIAL HOSPITAL OF CARBONDALE is owned by Southern Illinois Hospital Services, an Illinois corporation which is duly licensed under the Illinois Hospital Licensing Act, 210 ILCS 85/1.

## FACTS

8. Plaintiff Alan Shields is a parapalegic.

9. On or about June 7, 2013, Plaintiff went to Memorial Hosptial Of Carbondale to receive treatment for his injured arm.

10. Defendant Kerley and Defendant McMinn refused Plaintiff treatment at Memorial Hospital of Carbondale because he was an African-American.

11. Defendant Kerley and Defendant McMinn attempted to physically remove Plaintiff from the hospital.

12. Plaintiff called 911 to complain of the egregious treatment of Defendant Kerley and Defendant McMinn.

13. Defendant Harsy arrived at Memorial Hospital of Carbondale in response to the 911 call.

14. Defendant Harsy used unreasonable and excessive force upon the Plaintiff.

15. Specificially, but without limitation, Defendant Harsy tased Plaintiff multiple times and threw Plaintiff to the ground, causing pain and physical injury to Plaintiff.

16. Plaintiff suffered multiple burn injuries as a result of the tasering.

17. Plaintiff requested medical attention for both his injured arm and burn wounds.

18. Defendant Harsy conspired with Defendants McMinn and Kerley to deprive Plaintiff of medical attention and deprive Plaintiff of his Fourth Amendment rights.

19. Defendants Harsy, McMinn, and Kerley refused to provide medical attention for Plaintiff's objectively serious burn wounds and arm injury.

20. On or about June 7, 2013, Plaintiff did not commit any act contrary to the laws of the State of Illinois.

21. Defendants Harsy, McMinn, and Kerley arrested and/or caused the arrest of Plaintiff even though they did not have a lawful basis to arrest Plaintiff.

22. Defendants Harsy, Kerley, and McMinn charged and/or participated in the charging of Plaintiff with crimes, even though they did not observe or learn that Plaintiff had commited, was committing, or was about to commit any criminal act.

23. Plaintiff never received medical attention for his burn wounds or injured arm throughout his confinement as a result of his unlawful arrest.

24. As a result of the incidents that occurred on or about June 7, 2013, Plaintiff was charged with aggravated battery, threatening a public official, resisting a peace officer, and aggravated assault.

25. On or about August 16, 2013, the criminal case against Plaintiff was resolved in a manner indicative of his innocence when the Circuit Court for the First Judicial Circuit, Jackson County, Illinois, the Honorable William G. Schwartz, presiding, entered an order to nolle prosequi all the charges against Plaintiff.

26. As a direct and proximate result of one or more of the acts or ommissions of Defendant Kerley, Defendant McMinn, and Defendant Harsy, alleged above, Plaintiff suffered damages including, but not limited to, physical injury, pain and suffering, humiliation, mental anguish, emotional distress, interference with a normal life, and financial loss.

## COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendant Harsy

27. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

28. The searches and seizures of Plaintiff's person and property performed willfully and wantonly by Defendant Harsy, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

29. As a proximate result of the above-detailed actions of Defendant Harsy, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Harsy for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 - False Arrest
### Against Defendants Harsy, Kerley, & McMinn

30. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

31. The actions of Defendants Harsy, Kerley, & McMinn described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourteenth and Eighth Amendment.

32. As a direct and proximate result of these Constitutional violations perpetrated by Defendants Harsey, Kerley, & McMinn against Plaintiff, Plainitff suffered great pain, anguish, despair, and the loss of his liberty.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Harsy for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Excessive Force
### Against Defendants Harsy

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34. The actions of Defendant Harsy constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his right under the Fourth Amendmeent to the United States Constitution and 42 U.S.C. § 1983.

35. As a proximate result of the actions of Defendant Harsy, alleged above, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Harsy for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: Denial of Medical Care
### Against Defendants Harsy, Kerley, and McMinn

36. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

37. Despite having actual knowledge of his serious medical condition, the Defendants failed to provide Plaintiff with immediate medical attention.

38. In this manner, the conduct of the Defendants evinced a deliberate indifference to Plaintiff's objectively serious medical needs.

39. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

40. This misconduct was undertaken by the Defendant Officer within the scope of their employment and under color of law such that their employer is liable for their actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights
### Against Defendants Harsy, Kerley, and McMinn

41. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

42. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for crimes he did not commit and deprive him of medical attention, thereby depriving Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

43. In this manner, the Defendants, acting in concert with each other, have conspired by concerted action to accomplish unlawful purposes by unlawful means.

44. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

45. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Harsy, Defendant Kerley, and Defendant McMinn for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 745 ILCS 10/9-102 - Indemnification
### Against Defendant City of Carbondale

47. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

48. Defendant City Of Chicago is the employer of Defendant Harsy.

49. Defendant Harsy committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Carbondale.

WHEREFORE, should Defendant Harsy be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City Of Carbondale be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

### COUNT VII: Indemnification
### Respondeat Superior – Memorial Hospital of Carbondale

50. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

51. Defendant Memorial Hosplital Of Carbondale is the employer of Defendant Kerley and Defendant McMinn.

52. Defendant Kerley and Defendant McMinn committed the acts alleged above while on duty and within the scope of their employment as employees for Defendant Memorial Hospital Of Carbondale.

WHEREFORE, should Defendant Kerley and/or Defendant McMinn be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant Memorial Hospital Of Carbondale be found liable for any judgment Plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### COUNT VIII: Malicious Prosecution – State Claim
### Against Defendants Harsy, Kerley, and McMinn

53. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

54. By the actions detailed above, Defendant Harsy, Defendant Kerley, and Defendant McMinn knowingly sougth to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

55. Defendant City Of Carbondale and Defendant Memorial Hospital Of Carbondale is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Harsy and

Defendants Kerley and McMinn, respectively, performed the actions complained of while on duty and within the scopre of their employment.

56. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IX: Intentional Infliction of Emotional Distress – State Claim
### Against Defendants Harsy, Kerley, and McMinn

57. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

58. The conduct by Defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

59. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

60. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

61. Defendant Memorial Hospital Of Carbondale and Defendant City Of Carbondale are sued in this Count pursuant to the doctrine of respondeat superior, in that Defendants Kerley and McMinn and Defendant Harsy, respectively, performed the actions complained of while on duty and within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT X: Battery – State Claim
**Against Defendant Harsy**

62. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

63. Defendant Harsy intentionally, and without any lawful justification, made offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

64. Defendant Harsy performed the acts detailed above with the intent of inflicting physical harm to Plaintiff. Plaintiff was physically harmed.

65. As a direct and proximate result of the battery, Plaintiff was injured.

66. The City is sued in this Count pursuant to the doctrine of respondeat superior, as Defendant Harsy performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of employment.

WHEREFORE, Plaintiff demands judgment against Defendant Harsy for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully Submitted,
                                              ALAN L. SHIELDS

                                        By: <u>s/ Jared Kosoglad</u>

                                              JARED S. KOSOGLAD, P.C.
                                              118 South Clinton Street
                                              Suite 200
                                              Chicago, IL 60661
                                              312-513-6000
                                              jared@jaredlaw.com